# IN THE COURT OF APPEALS OF IOWA

No. 21-1269
Filed June 15, 2022

**LINDA WOLFE, Individually and as Administrator for the Estate of JOHN B. WOLFE, deceased, JAMES WOLFE, and JOSEPH WOLFE,**
    Plaintiffs-Appellants,

**vs.**

**SHENANDOAH MEDICAL CENTER, CONNIE M. SPENCER, and AKKAD HAYSAM,**
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Page County, Craig M. Dreismeier,

Judge.


        Plaintiffs appeal the dismissal of a claim of negligent supervision against

Shenandoah Medical Center.  **AFFIRMED.**


        Gregory G. Barnsten of Smith Peterson Law Firm, LLP, Council Bluffs, and

Christopher P. Welsh of Welsh & Welsh, PC, LLO, Omaha, Nebraska, for

appellants.

        Jennifer E. Rinden, Robert D. Houghton, Vincent S. Geis, and Nancy J.

Penner of Shuttleworth & Ingersoll, Cedar Rapids, for appellees.


        Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

James Wolfe died on October 28, 2017.  On October 24, 2019, Linda Wolfe, individually and as administrator of James Wolfe's estate, and Joseph Wolfe (collectively, "Plaintiffs") filed a petition asserting claims of wrongful death and loss of consortium due to the negligence of "all Defendants."[1]  The factual allegations state:

> 13. Defendants had a duty to exercise reasonable care to diagnose and treat John B. Wolfe's condition at the time of his hospitalization to ensure his health was cared for and that he was provided appropriate medical care as needed.
> 14. Defendants were negligent and failed to follow the standard of care necessary to properly diagnose and treat John B. Wolfe's condition and to release him from the hospital when his condition was not improving which resulted in his death on October 28, 2017.
> 15. As a result of the Defendants' negligence and violations of the medical standards of care he had pain and suffering and died from a treatable health condition.

Plaintiffs filed three certificates of merit pursuant to Iowa Code section 147.140 (2019) on February 28, 2020.  The first certificate "regarding Jenifer Deziel" states Jon G. Thomas, MD, certified "Defendants Jenifer Deizel and [SMC] have breached the standard of care with respect to care and treatment provided to John B. Wolfe."  A second certificate "regarding Connie M. Spencer" states Jon G. Thomas, MD, certified "Defendants Jenifer Deizel [sic] and [SMC] have breached the standard of care with respect to care and treatment provided to John B. Wolfe."  The third certificate is by Emil R. Hayek, M.D., which states:

> 1. I have been retained by the Plaintiffs for the purpose of reviewing the medical care provided to John B. Wolfe in October

---

[1] The named defendants were Shenandoah Medical Center (SMC), Connie M. Spencer, Jenifer Deziel, Akkad Haysam, and Santosh Kumar.  Plaintiffs dismissed Deziel and Kumar as defendants.

20l7. This includes the evaluation, care and treatment provided by Dr. Haysam Akkad and other medical providers at [SMC].

2. I am a medical doctor and specialize in the practice of cardiology. I am board certified in Cardiovascular Disease and Internal Medicine, Certification Board of Nuclear Cardiology and National Board of Echocardiography. I am familiar with the standard of care that a cardiologist must exercise in the evaluation, care and treatment of patients like John B. Wolf [sic].

3. I have reviewed [Wolfe's] medical records from [SMC], Adult Cardiac Rural Health Clinic, Todd Isaacson, M.D., and the Death Certificate. It is my opinion that the standard of care was breached by employees at [SMC], including Connie M. Spencer, L.P. and also Dr. Haysam Akkad [sic] in his evaluation, care, and treatment of John B. Wolf [sic].

On April 23, 2021, SMC filed a motion for partial summary judgment and motion to dismiss any assertion of negligent supervision against SMC on grounds negligent supervision was not pled and no certificate of merit was filed with respect to an independent claim of negligence against SMC. Plaintiffs resisted, arguing that under Iowa's notice pleading, a claim of negligent supervision is subsumed in their claim of general negligence and they had substantially complied with section 147.140.

On June 24, 2021, the district court ruled in favor of SMC, noting "the only factual allegations against Defendant SMC contained in Plaintiffs' petition is Plaintiffs' allegation of 'all Defendants' negligence in care of Mr. Wolfe and the acknowledgement of Defendant SMC as the employer of other Defendants." The court concluded, "[w]ith regard to Defendant SMC and the claim of negligent supervision, the court finds no factual allegations that would give rise to a claim of negligent supervision in the petition." "SMC is not addressed individually and no cause of action is alleged other than wrongful death and loss of consortium due to 'all Defendants' negligence."

The court determined Plaintiffs neither pleaded negligent supervision as a cause of action nor amended their petition to include the claim—even after Plaintiffs' expert amended his opinion and criticized the supervision of SMC and after the motion to dismiss was filed.

Moreover, Iowa Code section 147.140 requires that in any action against a healthcare provider based upon alleged negligence and in which expert testimony is needed to establish a prima facie case, plaintiffs must, "prior to the commencement of discovery in the case and within sixty days of the defendant's answer, serve a certificate of merit affidavit signed by an expert witness with respect to the issue of the standard of care and alleged breach of the standard of care." Iowa Code § 147.140(1)(a). Additionally, a separate certificate of merit must be served on each defendant. *Id.* § 147.140(1)(c). Failure to substantially comply with these requirements, "shall result, upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." *Id.* § 147.140(6).

Plaintiffs did not dispute SMC is a healthcare provider against which they are bringing an action based on negligence. They argued expert testimony is not required for the claim of negligent supervision because the concepts are within the knowledge of a lay juror. The district court disagreed. The court observed concepts of which a factfinder would have to be knowledgeable for a negligent supervision claim included:

> the medical industry's standards for supervision of a medical professional treating a patient with decedent's condition; what is and is not acceptable in the supervision of said medical professional; an understanding of the patient's condition and why particular actions are taken or not taken; an understanding of how actions and

procedures, whether taken or not taken, affect the patient's condition; whether permitting or prohibiting those actions in their supervision constitutes negligence; and whether Defendant SMC's adherence or deviation from this standard constitute negligence. Importantly, a layperson would also have to have sufficient comprehension of the situation to determine if and how the alleged negligent supervision did or did not cause or contributorily cause the injury. While this list is more exemplary and far from exhaustive, the court finds the establishing of negligent supervision against Defendant SMC is not within the knowledge of a layperson and requires expert testimony. As such, the court finds section 147.140 governs and Plaintiffs are required to comply with the certificate of merit provisions.

The district court found "it impossible for Plaintiffs' expert to certify to a degree of medical certainty that Defendant SMC had breached the standard of care related to negligent supervision when the certificate only references the 'incidents alleged in Plaintiffs' Petition,' and negligent supervision is noticeably absent from Plaintiffs' petition." The court ordered the negligent supervision "cause of action is hereby dismissed with prejudice."

On July 6, Plaintiffs filed a motion to reconsider and a motion for leave to file an amended petition to include a count of "negligent supervision & direct negligence" against SMC. The court considered and rejected Plaintiffs' motion to reconsider. The court held the issue was adjudicated and found it "unnecessary to consider Plaintiffs' additional motion for leave to amend the petition" to include a claim of negligent supervision and direct negligence against SMC.

Plaintiffs appeal, contending the district court "abused its discretion in denying Plaintiffs' motion for leave to amend their petition." The court writes that because it was not reconsidering the earlier dismissal with prejudice, it was "unnecessary to consider" the motion to amend. The court's order than states, "Plaintiff's Motion for Leave to Amend Petition is DENIED." While the court's

written ruling is less than clear, we presume the court did indeed consider the motion for leave to amend and denied it.

We review the court's denial of the motion for leave to amend for an abuse of discretion. *See Daniels v. Holtz*, 794 N.W.2d 813, 817 (Iowa 2010) ("Denial of a motion to amend will only be reversed where a clear abuse of discretion is shown.").

As noted above, the district court ruled SMC was entitled to dismissal of any independent claim of negligent supervision, pointing out Plaintiffs' failed to seek to amend after their expert amended his opinion and criticized the supervision of SMC and after the motion to dismiss was filed. Only after the dismissal did Plaintiffs seek leave to amend the petition to add an independent claim of negligent supervision against SMC.

We note Plaintiffs do *not* claim any error in the underlying rulings the court did make, which are consistent with our supreme court's recent conclusions in *Struck v. Mercy Health Services-Iowa Corp.*, 973 N.W.2d 533, 541 (Iowa 2022) ("[Plaintiff] is bound by the allegations actually pleaded within the four corners of her petition. By alleging only 'professional negligence' claims and not filing a certificate of merit, she effectively pleaded herself out of court.").

We find no abuse of the court's discretion in denying Plaintiffs' belated motion for leave to amend. We therefore affirm.

**AFFIRMED.**